IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|   |   |
|---|---|
| Constance RAMSAY, John BELL, and Peggy CRADDIETH<br>　　　　　　Plaintiffs,<br>　v.<br>Juiith MAYER, Director of Human Resources Bohemian, the TABOR HILLS HOME, and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br>　　　　　　Defendants. | Case No. 09 C 2779<br><br>Judge Virginia M. Kendall |

Plaintiffs Constance Ramsay, John Bell, and Peggy Craddieth (collectively "Plaintiffs"), bring this action against Defendants Judith Mayer, the Tabor Hills Home (formerly the Bohemian Home for the Aged), and the Prudential Insurance Company of America (collectively "Defendants") alleging violations of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Plaintiffs lack standing to bring suit under ERISA, the motions are granted.

## **BACKGROUND**

The following facts are taken from Plaintiffs' Complaint and are accepted as true for purposes of deciding this Motion to Dismiss. The pro se complaint is construed liberally. *See Henderson v. Sheahan*, 196 F.3d 839, 845-46 (7th Cir. 1999).

Plaintiffs are the adult children of the late Betty Bell ("Bell"), who worked as a Nurse Assistant at Defendant Tabor Hills Home until her death on June 28, 2004. Comp. at 2. Bell was apparently unmarried at all relevant times. *See id.* ("Surviving the deceased, are [her children] . . . who are the only known beneficiaries."). Tabor Hills Home provided an employee retirement plan

(the "Plan"), in which Bell was a participant. *See id.* Bell turned sixty-five years old on April 1, 2004, but elected to continue working beyond this date, which would have been her "normal" retirement date. *See id.* at 4. The Plan provided that employees in such a circumstance had two options:

> If you are unmarried and die before your normal retirement date while still actively employed, no survivor plan benefit is payable. However, if you remain employed after your normal retirement date, you may elect to waive the normal form of payment and choose an optional form of payment that provides survivor plan benefit coverage or the single sum death benefit described below. The survivor plan benefit available under the optional form of payment that you elected would be payable even if you die before your annuity starting date.[1]

*Id.* at 3. Plaintiffs acknowledge that Bell made no such election under the Plan, and state that she did not do so "because the fund never notified anyone adequately of any election procedure." *Id.* at 4. Plaintiffs therefore did not receive any payment from Bell's retirement Plan, although "life insurance benefits were paid to each child listed as a beneficiary." *Id.* at 2. Plaintiffs apparently assume that, because they were named beneficiaries of Bell's life insurance and because they are her legal heirs, Bell would have named them as the beneficiaries of her survivor plan benefit had she made the requisite election before her untimely death.

After Bell's death, Plaintiffs repeatedly sought clarification about the Plan and their mothers' benefits from Defendant Mayer, who is the Director of Human Resources at Tabor Hills Homes. *Id.* at 3-5. They were not satisfied with the responses that they received. *Id.* at 3-5. Thus, Plaintiffs seek payment of the annuity that they would have received had Bell made the appropriate election ($84,650.00) as well as various other damages and relief under ERISA. *Id.* at 10.

---

[1] This language is quoted in the Plaintiffs' Complaint, but the Court has referred to a copy of the Plan, as attached to the Defendant's Motion to Dismiss, in order to correct minor spelling errors in the transcription. *Compare* Comp. at 3 *to* Motion to Dismiss Exhib. Z-1 at 15.

## STANDARD OF REVIEW

Although Defendants' Motion to Dismiss is brought pursuant to Rule 12(b)(6), it more importantly implicates Rule 12(b)(1) and the Court's subject matter jurisdiction over the case, as Defendants assert that Plaintiffs lack standing under ERISA. Whether standing exists is a paramount inquiry into a court's subject matter jurisdiction over a case, as it is "the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). If the Plaintiffs lack standing to bring this suit, then this Court lacks subject matter jurisdiction and the case must be dismissed.

A civil action to enforce ERISA's provisions may be brought by a participant, beneficiary, fiduciary, or the Secretary of Labor. *See* 29 U.S.C. § 1132(a)(3). Plaintiffs do not argue that they are participants in or fiduciaries of the Tabor Hills pension plan, but claim they are Bell's beneficiaries thereunder. An ERISA plan beneficiary has standing to bring suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

Section 1002(8) of ERISA defines a "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). The Seventh Circuit has mandated a broad interpretation of ERISA's coverage, directing the district courts "to treat as a 'participant' for jurisdictional purposes anyone with a colorable claim to benefits . . . an approach equally applicable when a person claiming to be a 'beneficiary' files suit." *Kennedy v. Conn. Gen. Life Ins. Co.*, 924 F.2d 698, 700 (7th Cir. 1991). Whether a supposed beneficiary has standing to bring suit under ERISA "depends on an arguable claim, not on success." *Id.* However, "standing require[s] more than a naked claim that one [is]

3

a beneficiary under ERISA." *Sladek v. Bell System Management Pension Plan*, 880 F.2d 972, 979 (7th Cir. 1989). The relevant inquiry is thus whether Bell's children have a "colorable claim" that they are Bell's beneficiaries under the Plan.

## **DISCUSSION**

Defendants argue that Bell's adult children are not ERISA beneficiaries and that they therefore lack standing to bring the present action. The operative question is whether the adult children of a plan participant who are her legal heirs, but who are never designated as her beneficiaries under the plan and can claim only a presumption that they would have been so named, have standing to bring an ERISA suit.

There are several cases in which the children of ERISA plan participants have brought suit for the recovery of disputed benefits. In the most closely-analogous case that the Seventh Circuit has heard, the court held that a minor child whose father had failed to make a necessary election and who was therefore not named as a beneficiary of survivorship benefits did not have standing to sue under ERISA. *Cummings v. Briggs & Stratton Retirement Plan*, 797 F.2d 383 (7th Cir. 1986). This was the case even though the participant's divorce decree required him to designate his children as beneficiaries of electable survivorship benefits, which he had failed to do. *See id.* at 385-86. The Fifth and Sixth Circuits have more recently held that plaintiffs who are not designated beneficiaries do not have ERISA standing merely because they are the adult children and heirs of ERISA plan participants. *See Crawford v. Roane*, 53 F.3d 750, 755 (6th Cir 1995) (holding that where a participant had failed to designate a beneficiary, his children lacked standing where their only claim to benefits was an assumption that they would have been named as beneficiaries); *Coleman v. Champion Intern. Corp./Champion Forest Prod.*, 992 F.2d 530, 533-34 (5th Cir. 1993) (holding that

4

a participant's son lacked standing to bring a breach of fiduciary duty claim because he had not been named as a beneficiary). The Second Circuit has affirmed, without discussion, a Western District of New York case holding the same. *See Keys v. Eastman Kodak Co.*, 739 F.Supp. 135, 137-38 (W.D.N.Y. 1990), *aff'd*, 923 F.2d 844 (2nd Cir. 1990) (holding that a pension plan owed no ERISA-related duties to a participant's son as a beneficiary because he had not been so designated by the participant).

In various other cases where the Seventh Circuit has found that purported beneficiaries have standing under ERISA, the facts uniformly show that the plaintiff is either specifically named in a plan document or, more commonly, an assignment of benefits, or that the plaintiff would be the automatic recipient of benefits if the court voided a challenged election to the contrary. None of these circumstances apply here.

For example, the Seventh Circuit has held that a named assignee of life insurance benefits had standing as a beneficiary under ERISA. *See Neuma Inc. v. AMP Inc.*, 259 F.3d 864, 879 (7th Cir. 2001). Although the *Neuma* court found against the plaintiff on the merits, they held that he had ERISA standing because his claim to the benefits "had at least an arguable chance of success" and could not "be deemed so obviously lacking in any legal merit as to be characterized as frivolous." *Id.* Similarly, in the *Kennedy* case mentioned above, the Seventh Circuit, addressing the question of an assignee's standing to bring suit under ERISA, explained that "[o]nly if the language of the plan is so clear that any claim as an assignee must be frivolous is jurisdiction lacking." *Kennedy*, 924 F.2d at 700. The court held that the plaintiff, a healthcare provider, had standing because the assignment to him was specifically envisioned by the language of the plan and authorized by the plan beneficiary. *See id.* at 700-01. Here, there is no such specific authorization

5

or naming of the Plaintiffs as beneficiaries of Bell's pension under the Plan.

A second set of cases where plaintiffs are found to have standing under ERISA even though their claim to benefits is disputed are those in which the spouse of a plan participant would be the presumptive beneficiary if another person's claim were to be denied. For example, the Seventh Circuit has held that the wife of a plan participant, who would have been his beneficiary but for a disputed election to the contrary, had standing to challenge that election. *Sladek*, 880 F.2d at 976. *Sladek* involved an agreement, the disputed election, that if voided on the merits of the case would result in the defaulting of the benefits at issue to the plaintiff, and thus would confer upon her standing as an ERISA beneficiary. *Id.* at 977. The Seventh Circuit specifically explained that the *Sladek* circumstances were distinguishable from those of a leading Ninth Circuit case in which standing had been denied because the plaintiff would *not* have become an ERISA beneficiary even if he were to win his claim. *Id.* at 978-79 (distinguishing *Freeman v. Jacques Orthopaedic & Joint Implant Surgery Medical Group, Inc.*, 721 F.2d 654 (9th Cir. 1983)). The Seventh Circuit reiterated this rule in a later case, finding that a plaintiff, the plan participant's ex-wife, was a "potential beneficiary" with standing because she would receive the contested benefits if the "last election the participant made was invalid or void . . . ." *Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 552 (7th Cir. 1997).

Here, even if the Court were to reach the merits of the Plaintiffs' claims and find that the Defendants violated ERISA by withholding information, and thus caused Bell's failure to properly elect a survivor benefit option, the Court cannot say with certainty that Bell would have named her children as her beneficiaries. *Cf. Coleman*, 992 F.2d at 533 n.6 ("[W]e do not agree that the mere

possibility that one could potentially have been named beneficiary is sufficient to confer status under § 1132."); *Keys*, 739 F.Supp. at 138 ("Insofar as plaintiff's father could have designated anyone, related or otherwise, to receive benefits, until he did so plaintiff stood no closer to "beneficiary" status than any other person."). Plaintiffs point to no evidence that they would have been named beneficiaries under the election, but merely assume that to be the case because they are Bell's legal heirs and because they were the (presumably designated) beneficiaries of Bell's life insurance policy. *See* Comp. at 2. This Court cannot infer from Bell's designation with respect to one aspect of her benefits that she would have made a similar designation for the benefits of her pension plan, and there is no language in the Plan that would render Plaintiffs her default beneficiaries in the absence of a specific designation. As distinguished from those cases in which a plaintiff was found to have standing because they would be automatically made beneficiaries upon a favorable merits decision, Bell's children would only be made beneficiaries if the Court rewrote history and created a claim to benefits that their mother failed to grant them. *Cf. Cummings*, 797 F.2d at 389 ("[B]enefits made payable to Cummings' minor child ordered by the court would be created where none existed before."). Bell's children are, therefore, not beneficiaries with a colorable claim to benefits under her pension plan.

Because the Plaintiffs are not beneficiaries under the Plan, they have no standing to bring a breach of fiduciary duty claim against the Plan. The Plan was at no time under a legal duty to provide them with any information about their mother's pension plan or to act as their fiduciary. Plaintiffs do allege that Bell failed to make the necessary election "because the fund never notified anyone adequately of any election procedure," which would have been a breach of the Plan's fiduciary duty as to Bell. They do not provide any evidence that the Plan refused to supply Bell with

7

information about her election options, however, and instead rely upon allegations that their efforts to obtain such information after her death were obstructed by the Defendants.

Since Plaintiffs have no colorable claim to be beneficiaries under the Plan, they lack standing to bring any fiduciary duty claim under ERISA, even one that their mother could have brought during her lifetime. *See Coleman*, 992 F.2d at 532 (denying standing to a plaintiff who similarly alleged that his father's pension plan had caused his father's failure to elect survivorship benefits by withholding information).

## **CONCLUSION AND ORDER**

Because Plaintiffs lack standing to bring suit under ERISA, this Court lacks subject matter jurisdiction to hear their claims. Defendants' Motion to Dismiss are therefore granted, and the Complaint is dismissed with prejudice.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: January 4, 2010